**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  *PINEDA*        *GERARDO*        *V.*
   (Last)               (First)           (Initial)

Prisoner Number  *K-07529*

Institutional Address  *CSP SAN QUENTIN, 3H33-L, SAN QUENTIN, CA-94974*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*GERARDO V. PINEDA*
(Enter the full name of plaintiff in this action.)

           vs.

*LT. G.W. FULLER*

*SGT. D. McGRAW*

_____

_____
(Enter the full name of the defendant(s) in this action)

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

    **[Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement  *SAN QUENTIN*

    B.    Is there a grievance procedure in this institution?

            YES (✓)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance procedure?

            YES (✓)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT          - 1 -

1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2    Name   *PINEDA        GERARDO      V.*

3           (Last)                (First)              (Initial)

4    Prisoner Number   *K-07529*

5    Institutional Address *CSP SAN QUENTIN, 3H33-L, SAN QUENTIN, CA-94974*

6    

7                       **UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF CALIFORNIA**
8
         *GERARDO V. PINEDA*               )
9    (Enter the full name of plaintiff in this action.)    )
                                           )
10                   vs.                    )    Case No. _____
                                           )    (To be provided by the Clerk of Court)
11   *LT. G.W. FULLER*                      )
                                           )    **COMPLAINT UNDER THE**
12   *SGT. D. McGRAW*                       )    **CIVIL RIGHTS ACT,**
                                           )    **Title 42 U.S.C § 1983**
13   _____           )
                                           )
14   _____           )
     (Enter the full name of the defendant(s) in this action)    )
15                                          )

16   *[All questions on this complaint form must be answered in order for your action to proceed..]*

17   1.    Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward. The court will dismiss any unexhausted claims.]

20         A.    Place of present confinement *SAN QUENTIN*

21         B.    Is there a grievance procedure in this institution?

22               YES (✓)    NO ( )

23         C.    Did you present the facts in your complaint for review through the grievance

24               procedure?

25               YES (✓)    NO ( )

26         D.    If your answer is YES, list the appeal number and the date and result of the

27               appeal at each level of review. If you did not pursue a certain level of appeal,

28               explain why.

     COMPLAINT                          - 1 -

1. Informal appeal __BY PASS__

2. First formal level __BY PASS, PARTIALLY GRANTED__

3. Second formal level __PARTIALLY GRANTED__

4. Third formal level __DIRECTORS LEVEL, IN SACRAMENTO ON FEB. 27, 2008. SACRAMENTO HASN'T RESPONDED.__

    E.    Is the last level to which you appealed the highest level of appeal available to you?

        YES (✓)    NO ( )

    F.    If you did not present your claim for review through the grievance procedure, explain why. __N/A__

## II.  Parties.

    A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

__GERARDO PINEDA, K-07529, CSP SAN QUENTIN, 3 H33-L SAN QUENTIN, CA-94974__

    B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

COMPLAINT           - 2 -

1  LT. G.W. FULLER

2  SGT. D. McGRAW

3

4

III.  Statement of Claim.

State here as briefly as possible the facts of your case.  Be sure to describe how each

defendant is involved and to include dates, when possible.  Do not give any legal arguments or

cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

separate numbered paragraph.

JULY 19, 2007 : LT. FULLER PULLED ME OUT OF MY CELL IN DONNER SEC.
(AD-SEG). IN A LOUD SCREAMING VOICE, HE THREATENED ME, CALLED ME A RAT,
CHILD MOLESTER IN FRONT OF INMATES, THAT HE WILL BEAT ME IF I DON'T MOVE TO H-UNIT.
LT. FULLER DID THE EXACT SAME THING, SCREAMING IN FRONT OF
JULY 20 20007, OTHER PRISONERS, CALLING ME A CHILD MOLESTER, A RAT AND
THREATENED ME. I REFUSED TO GO TO H-UNIT BECAUSE OF MY SAFETY AND
SECURITY CONCERN. LT. FULLER AND SGT. McGRAW GRABBED ME BY THE ARMS
WHILE I WAS HANDCUFFED AND PHYSICALLY PUSHED AND DRAGGED ME OUT THE
DONNER DOOR. I HAD TO DEFEND MY SELF AND STRUGLED AND PUSHED BACK. I
EXPERIENCED SHORTNESS OF BREATH AND BLACKED OUT. THEY HAD TO RUSH
ME BY AMBULANCE TO THE MARIN GEN. HOSPITAL.
FROM JULY 18 TO 23, I WAS VERBALLY AND PHYSICALLY THREATENED AND
FORCED TO GO TO H-UNIT.

(PLEASE SEE ATTACHED EXTRA SHEETS OF EVENTS.)

IV.  Relief.

Your complaint cannot go forward unless you request specific relief.  State briefly exactly

what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

THAT LT. G.W. FULLER AND SGT. D. McGRAW BE CHARGED WITH USE OF
UNECESSARY AND EXCESSIVE FORCE, ATTEMPTED MURDER FOR ENDUSING A
HEART ATTACK. CHARGE WITH RACIAL DISCRIMINATION, SLANDER,

COMPLAINT

- 3 -

AFTER USING EXCESSIVE AND UNECESSARY FORCE, LT. FULLER
FILLED A FALSE REPORT AND CHARGE ME WITH OBSTRUCTING
A P/O AND WAS GIVEN NINETY (90) DAYS, BUT DID NOT
INCLUDE IN HIS REPORT THAT BECAUSE OF HIS ACTIONS, I
SUFFERED A HEART ATTACK, LOST CONSCIOUSNESS AND
WAS RUSHED TO THE HOSPITAL BY AMBULANCE.

SOMETIME IN SEPTEMBER, FOR REFUSING TO GO TO H-UNIT, LT. FULLER ORDERED TO TRANSFER ME TO THE SAN QUENTIN ADJUSTMENT CENTER. PROPER PROTOCOL AND PROCEDURE STATES THAT YOU HAVE TO ATTACK AND ASSAULT INMATES OR OFFICERS TO BE PLACED IN ADJUSTMENT CENTER, AND NOT FOR REFUSING TO TRANSFER TO ANOTHER AREA IN THE SAME PRISON. NO OTHER INMATES WERE EVER PLACED IN THE ADJUSTMENT CENTER FOR REFUSING TO GO TO H-UNIT. AND BECAUSE OF THE INHUMANE LIVING CONDITION IN THE ADJUSTMENT CENTER, WHERE THERE ARE DRIED HUMAN FAECES ON THE WALL, ON THE BED ROCK. DRIED URINE AND SPIT ALL OVER THE PLACE. THE CONSTANT SCREAMING AND BANGING ON THE WALL BY INSANE INMATES. WITH NOTHING TO READ, NO BOOKS, EXCEPT STARE AT THE WALL ALL DAY AND NIGHT, I HAD TO GIVE UP AND TAKE CHANCES WITH MY SAFETY AND SECURITY AND WENT TO H-UNIT. I CAN NOT BELIEVE THAT THIS KIND OF TREATMENT AND LIVING CONDITION IS HAPPENING IN THIS COUNTRY.

AFTER THE PHYSICAL ALTERCATION WITH LT. FULLER AND
SGT. MCGRAW, I'VE BEEN EXPERIENCING PAIN ON
THE PART OF MY NECK WHERE THEY IMPLANTED A
METAL BOX AFTER MY SERVICAL SPINE SURGERY ON
MARCH 21, 2007.

PLEASE NOTE THAT THE ORIGINAL 602 THAT I FILED REGARDING THIS INCIDENT IS STILL IN SACRAMENTO. THAT THE INCIDENT OCCURED ALMOST A YEAR AGO TODAY. 602's DON'T TAKE MORE THAN A YEAR TO PROCESS. SOMEHOW THIS COMPLAINT IS BEING DRAGGED TO EXHAUST MY STATUET OF LIMITATION TO FILE A COMPLAINT.

PER BOYD VS CDCR, I HAVE EXHAUSTED MY ADMINISTRATIVE REMEDIES.

SEE ATTACHED EXHIBITS:
EXHIBIT "A" 602 COMPLAINT
    A) HOSPITAL REPORT
    INCIDENT REPORT
    AND OTHER DOCUMENTS PERTAINING TO THE COMPLAINT PROCESS

1 HARASMENT. THAT ALL WRITE-UP AND PENALTIES FROM THIS INCIDENT BE

2 RENDERED MOOT AND TAKEN OUT OF MY FILES. THAT THE DEFENDANTS PAY ALL

3 COURT EXPENSES. THE DEFENDANTS COMPENSATE ME FOR ALL PHYSICAL AND OTHER

4 DAMAGES THAT MAY ARRISE FROM THIS INCIDENT. THEY SHOULD BE CHARGE WITH HUMAN RIGHTS VIOLATIONS.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _3 rd_ day of _JULY_, 20 _08_

_____, K-07529
(Plaintiff's signature)

COMPLAINT                         - 4 -

1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

9
10
11 GERARDO PINEDA    Plaintiff,    CASE NO. _____

12      vs.    **PRISONER'S
APPLICATION TO PROCEED**
13 LT. G.W. FULLER    **IN FORMA PAUPERIS**
14 SGT. D. McGRAW    Defendant.

15

16    I, GERARDO PINEDA    , declare, under penalty of perjury that I am the

17 plaintiff in the above entitled case and that the information I offer throughout this application

18 is true and correct. I offer this application in support of my request to proceed without being

19 required to prepay the full amount of fees, costs or give security. I state that because of my

20 poverty I am unable to pay the costs of this action or give security, and that I believe that I am

21 entitled to relief.

22    In support of this application, I provide the following information:

23 1.    Are you presently employed?  Yes ____ No ✓

24 If your answer is "yes," state both your gross and net salary or wages per month, and give the

25 name and address of your employer:

26 Gross:  N/A _____    Net: _____

27 Employer: _____

28 _____

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received.  (If you are imprisoned, specify the last place of employment prior to imprisonment.)

BEACON GAS STATION   1992

_____

_____

2.    Have you received, within the past twelve (12) months, any money from any of the following sources:

    a.    Business, Profession or             Yes ____ No ✓
        self employment

    b.    Income from stocks, bonds,      Yes ____ No ✓
        or royalties?

    c.    Rent payments?                  Yes ____ No ✓

    d.    Pensions, annuities, or          Yes ____ No ✓
        life insurance payments?

    e.    Federal or State welfare payments,   Yes ____ No ✓
        Social Security or other govern-
        ment source?

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

        N/A

_____

3.    Are you married?                 Yes ____ No ✓

Spouse's Full Name:  N/A

Spouse's Place of Employment: _____

Spouse's Monthly Salary, Wages or Income:

Gross $ N/A _____ Net $_____

4.    a.    List amount you contribute to your spouse's support:$ N/A

1       b.      List the persons other than your spouse who are dependent upon you for

2                support and indicate how much you contribute toward their support. (NOTE:

3                For minor children, list only their initials and ages. DO NOT INCLUDE

4                THEIR NAMES.).

5       N/A

6

7    5.    Do you own or are you buying a home?      Yes ____ No ✓

8    Estimated Market Value: $_____ Amount of Mortgage: $_____

9    6.    Do you own an automobile?           Yes ____ No ✓

10   Make N/A _____ Year _____ Model _____

11   Is it financed? Yes _____ No _____ If so, Total due: $ _____

12   Monthly Payment: $ _____

13   7.    Do you have a bank account? Yes ____ No ✓ (Do not include account numbers.)

14   Name(s) and address(es) of bank: ___ N/A _____

15   _____

16   Present balance(s): $ _____

17   Do you own any cash? Yes ____ No ✓ Amount: $ _____

18   Do you have any other assets? (If "yes," provide a description of each asset and its estimated

19   market value.) Yes ____ No ✓

20   _____

21   8.    What are your monthly expenses?

22   Rent: $ N/A _____ Utilities: _____

23   Food: $ _____ Clothing: _____

24   Charge Accounts:

25   <u>Name of Account</u>     <u>Monthly Payment</u>         <u>Total Owed on This Acct.</u>

26   N/A _____ $_____ $_____

27   _____ $_____ $_____

28   _____ $_____ $_____

1  9.    Do you have any other debts?  (List current obligations, indicating amounts and to

2  whom they are payable.  Do <u>not</u> include account numbers.)

3  __N/A_____

4  _____

5  10.    Does the complaint which you are seeking to file raise claims that have been presented

6  in other lawsuits?   Yes ____  No ✓

7  Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in

8  which they were filed.

9  __N/A_____

10  _____

11      I consent to prison officials withdrawing from my trust account and paying to the court

12  the initial partial filing fee and all installment payments required by the court.

13      I declare under the penalty of perjury that the foregoing is true and correct and

14  understand that a false statement herein may result in the dismissal of my claims.

16  _July 3, 2008___     _____

17      DATE            SIGNATURE OF APPLICANT

1
2       Case Number: _____
3
4
5
6
7
8                       **CERTIFICATE OF FUNDS**
9                                **IN**
10                      **PRISONER'S ACCOUNT**
11
12          I certify that attached hereto is a true and correct copy of the prisoner's trust account
13   statement showing transactions of _GERARDO PINEDA K-07529_ for the last six months
                                        [prisoner name]
14   _SAN QUENTIN STATE PRISON_____ where (s)he is confined.
              [name of institution]
15          I further certify that the average deposits each month to this prisoner's account for the
16   most recent 6-month period were $ _____ and the average balance in the prisoner's
17   account each month for the most recent 6-month period was $_____.
18
19   Dated:_____          _____
                                        [Authorized officer of the institution]
20
21
22
23
24
25
26
27
28

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. SQ
2.

Log No.
1. 07-03385
2.

Category 7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   LT FULLER G.

NAME GERARDO PINEDA   NUMBER K-07529   ASSIGNMENT DONNER - AD-SEG.   2-4-66   UNIT/ROOM NUMBER 5C 10-L

A. Describe Problem: ON JULY 18, 2007 I WAS ORDERED BY UCC TO MOVE TO H-UNIT, WHICH I DECLINED AND EXPLAINED MY REASONS. AT 1200 hrs. SGT. DENNIS GAVE ME THE SAME ORDER - AGAIN I REFUSE AND WAS ESCORTED TO DONNER AD-SEG. 7/18/07, 1900 hrs. I SAW (A) CAPT. RAHAYLA, AGAIN HE ORDERED ME TO GO TO H-UNIT - I REFUSE AND GAVE THE SAME REASON (SAFETY AND SECURITY). JULY 19, AT 0900 hrs. TOOK ME TO DONNER OFFICE AND SAW LT. G. FULLER. HE SCREAMED AT ME AND IN A THREATENING MANNER, HE SAID HE'LL MOVE ME TO H-UNIT. AGAIN, I REFUSED. NOW HE STARTED CALLING ME CHILD MOLESTER, COWARD, THAT I BELONG IN PC. HE GAVE ME THE IMPRESION THAT HE'S ABOUT TO BEAT ME UP. SO I EXPLAINED TO HIM THAT I JUST HAD A SERVICAL SPINE SURGERY, THAT IF I GET PUSHED ON THE ANGLE, I COULD GET PARALIZED OR DIE. SO I TOLD HIM THAT IF HE'S GOING TO BEAT ME,

If you need more space, attach one additional sheet.

B. Action Requested: THAT THIS INCIDENT BE INVESTIGATED WITH COLORS, THAT LT. G. FULLER MUST BE ADVISED TO STOP THREATENING ME AND THAT HE SHOULD BE PENNALIZED FOR HIS ACTIONS. ALL THIS HARASSMENT AND PUSHING AND SHOVING IS ABUSE OF AUTHORITY AND MUST BE STOPPED - THAT THE 115 FILED BY FULLER MUST BE DROPPED - AND FULLER BE HELD RESPONSIBLE FOR ANY MEDICAL CONDITION THAT MIGHT ARISE FROM THIS INCIDENT.

Inmate/Parolee Signature: _Gdo Pin_   AUG 0 9 REC'D   Date Submitted: 8/2/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: **Bypass**

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

_(CONTINUATION OF (H) DIRECTOR'S LEVEL REVIEW)_

SITUATION FURTHER MORE. WHEN INMATES REFUSE TO GO TO H-UNIT, THEY ARE PLACED IN AD-SEG, GIVEN A 115, TRANSFERED TO ANOTHER PRISON OR AS STATED IN THE IP 215 AND D.O.M., PENALTY IS IMPOSED ON THE INMATE. BUT PHYSICALLY PUSHING, SHOVING, AND CALLING THE PERSON DEROGATORY NAMES TO ENDANGER THE INMATE TO OTHER PRISONERS, AND FILING A FALSE REPORT IS IN VIOLATION OF CDCR RULES, AND CREATING PHYSICAL SITUATION WITH INMATES ~~AND OTHER OFFICERS~~ CAN CREATE A VERY DANGEROUS SITUATION. IF I WAS BLOCKING THE DOOR, TAKING HOSTAGES OR CREATING AND DISRUPTING PROGRAMS, FULLER'S ACTION WOULD HAVE BEEN JUSTIFIED. BUT IN MY SITUATION, I WAS ALREADY IN THE HOLE, I WAS PULLED OUT OF MY CELL BY LT. FULLER, THEN VERBALLY ABUSED AND THREATENED IN FRONT OF OTHER PRISONERS, AND THEN PUSHED AND SHOVED ME OUT THE DOOR ~~OF H-UNIT~~, PHYSICALLY FORCING ME TO WALK TO H-UNIT. THIS IS AFTER ~~TH~~ I TOLD THEM ON JULY 18, 19 AND 20 THAT I REFUSE TO ~~GO~~ TRANSFER TO H-UNIT, ~~TRANSFERED~~ BECAUSE OF SAFETY AND SECURITY CONCERN, AND MY PHYSICAL CONDITION WAS POOR AT THAT MOMENT. (I JUST HAD A CERVICAL SPINE OPERATION). IF LT. FULLER TOLD THE TRUTH IN HIS REPORT WHY DIDN'T HE PUT IN HIS REPORT THAT I SUFFERED CHEST PAIN AND LOST CONSCIOUSNES AND WAS RUSHED TO THE HOSPITAL BECAUSE OF HIS ACTION? LT. FULLER CREATED A SITUATION AND FILLED A FALSE REPORT TO MAKE HIS SELF LOOK GOOD ON THE JOB. I AM THE ONLY INMATE ~~WHO~~ WAS TREATED IN THIS MANNER AND CHARGED WITH OBSTRUCTING A P/O. ALL THE INMATES WHO REFUSED TO GO TO H-UNIT DID NOT ~~GEDURE~~ GET CHARGE WITH OBSTRUCTING A P/O AND WAS NOT VERBALLY AND PHYSICALLY ABUSED. THIS IS RACIAL DISCRIMINATION. ONE BLACK INMATE, INMATE JOHNSON, WHO ALSO REFUSED TO GO TO H-UNIT ON JULY 18, WAS SENT BACK TO NORTH BLOCK MAINLINE ON JULY 20 WITH OUT INCIDENT. HE WAS ONLY IN AD-SEG FROM JULY 18 TO 20, AND WAS NOT PUSHED AND SHOVED AND VERBALLY ABUSED. ONLY FILIPINO INMATES GET A TOTALLY DIFFERENT TREATMENT? INMATE JOHNSON WILL TESTIFY ON MY BEHALF WHEN THIS WHOLE INCIDENT GOES TO COURT.

RECORDS WILL SHOW ON FULLERS REPORT ON OBSTRUCTING A P/O - HE ALREADY KNEW FROM JULY 18 TO 20 THAT I WILL NOT GO TO H-UNIT - BUT IN HIS REPORT, HE STILL INSISTED TO PUSH ME OUT THE DOOR - HE KNEW I WILL NOT GO OUT OF THE DOOR - HE SET UP THIS WHOLE SCENARIO, THEN CHARGE ME OF OBSTRUCTION. PLEASE READ HIS REPORT AGAIN. AND HE DID NOT DO ALL THIS ACTION TO ALL THE INMATE WHO REFUSED TO GO TO H-UNIT. HE PUSHED AND SHOVED ME TO INDUCE A HEART ATTACK, THIS IS ATTEMPTED MURDER. THIS MATTER SHOULD BE AND MUST BE DEALT WITH IN COURT. FILING FALSE REPORT, CREATING PHYSICAL SITUATION WITH INMATES, ACCUSING ME OF BEING A CHILD MOLESTER, A RAT, A COWARD IN FRONT OF OTHER INMATES - THIS IS ENDANGERING MY LIFE, RECORDS ~~AT~~TACHED WILL ALSO SHOW HOW LT. FULLER, CAHAYLA, AND OTHER OFFICERS PULLED ME OUT OF MY CELL TWO TIMES A DAY TO HARRAS ME - FROM JULY 18, 19 AND 20. THIS KIND OF PROCEDURE WAS NEVER DONE TO OTHER INMATES. ALL THEIR ACTIONS WERE UNECESSARY. I WAS ALREADY IN THE HOLE WAITING FOR THE WRITE-UP OR TRANSFER, OR FACE UCC, ICC, ETC. NOW I WAS GIVEN 90 HARD DAYS ON THE SCENARIO CREATED BY FULLER, AND JUSTIFIED BY HIS FRIEND LT. ARNOLD. I WAS ALSO THE ONLY INMATE SENT TO THE ADJUSTMENT CENTER FOR REFUSING TO GO TO H-UNIT.

DATED: MARCH 14, 2008

_(signature)_
K-07529
3 H 33-L

NOTE: I RECEIVED THIS 602 ON MARCH 7, 2008

State of California                                                                  ATTACHMENT E-3

# Memorandum

Date   :   February 27, 2008

*Rcvd -
3/7/08*

To     :   PINEDA K07529
           ~~2-H-66~~ 3-H-33
           SAN QUENITN STATE PRISON

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # CSQ-6-07-3385**

APPEAL ISSUE: The appellant alleges that on July 19, 2007 Correctional Lieutenant G. Fuller ordered the appellant to move from Carson/Donner Section Administrative Segregation to H-Unit – General Population. The appellant alleges that when he refused the move, Correctional Lieutenant G. Fuller verbally abused him (yelling and screaming) and utilized excessive force, by pushing and shoving, in an attempt to make the appellant move to H-Unit. The appellant claims he suffered a heart attack as a result and was taken to Marin General Hospital for treatment.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

SUMMARY FOR APPEAL INQUIRY:

The appellant was interviewed on September 11, 2007 by Correctional Lieutenant M. Thompson. The appellant restated his allegations indicating on July 18, 19, 2007 Correctional Lieutenant G. Fuller, verbally abused him and on July 20, 2007, utilized excessive force against the appellant.

CHOOSE ONE:

☒ A Confidential Inquiry was conducted. The following witness was questioned: Correctional Lieutenant G. Fuller; Correctional Sergeant D. McGraw and Correctional Officer K. Allen. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Log # CSQ-6-07-3385, continuation page to the CDCR 602; Marin General Hospital consultation report dated July 20, 2007; CDCR 114-D dated July 20, 2007; the completed CDCR 115 Rules Violation Report dated July 20, 2007 for the specific act of "Obstruction of a Peace Officer".

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation. If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible. In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy.

FINDINGS FOR AN APPEAL INQUIRY:

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒Second level:

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff

member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy.  In this case:

☐ The inquiry is not yet complete

☒ The inquiry is complete.  Staff did not violate CDCR policy.


Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____          2-28-08
R. L. Ayers - Warden/CDW/HCM (Second Level)          Date

CONTINUATION OF COMPLAINT:

DON'T KILL ME. LT. FULLER WAS SCREAMING ON TOP OF HIS LUNGS THAT HE'LL KICK MY ASS IF I DON'T MOVE TO H-UNIT, AND HE'LL SHOW ME WHO'S RUNING THINGS AROUND HERE, AND CONTINUED TO CALL ME A CHILD MOLESTER AND A COWARD. AT 1900 hrs. I WAS CALLED IN THE OFFICE. LT. FULLER WAS THERE, AND AGAIN, THE SCREAMING AND THREATENING STARTED ALL OVER AGAIN. MY ONLY RESPONSE WAS, I REFUSE TO GO TO H-UNIT. HE WAS DOING HIS BEST TO PUSH ME TO SAY THE WRONG WORD OR DO SOMETHING STUPID HE COULD USE TO WRITE ME UP OR CHARGE ME WITH. LT. FULLER WAS COMPLETELY OUT OF CONTROL SCREAMING AND THREATENING ME. CALLING ME CHILD MOLESTER, A RAT, COWARD, THAT HE WILL KICK MY ASS IF HE HAS TO TO MOVE ME TO H-UNIT. JULY 20. AT 1100 hrs. I WAS TOLD TO PACK MY PROPERTY, THAT I'M MOVING TO H-UNIT. AGAIN, I TOLD THEM THAT I REFUSE TO GO TO H-UNIT. THEY TOOK ME TO THE OFFICE AND LT. FULLER AND SGT. McGRAW WAS THERE. NOW I HAVE A LT. AND SGT. DOING THE SAME TACTIC OF SCREAMING, THREATENING AND CALLING ME NAMES. I TOLD LT. FULLER TO STOP CALLING ME A CHILD MOLESTER BECAUSE OTHER INMATES CAN HEAR HIM AND THAT HE'S ENDANGERING MY LIFE WITH WHAT HE WAS DOING. I TOLD HIM TO WRITE ME UP OR DO THE PROPER PROCEDURE FOR REFUSING TO GO TO H-UNIT QUIT, BUT ALL THIS PUSHING AND SHOVING, THREATENING, SCREAMING HAS GOT TO STOP. THAT HE'S ENDANGERING MY LIFE. A C/O TOOK ME BACK TO THE HOLDING CELL. AT THIS TIME THE CHEST PAIN AND MY SHORTENING OF BREATH WAS NOW GETTING WORSE. THEN LT. FULLER AND SGT. McGRAW CAME TO THE HOLDING CELL (ALL THIS TIME I WAS ON HAND CUFF, I WAS ON HANDCUFF THROUGH OUT THIS WHOLE INCIDENT). LT. FULLER HAD THE CELL DOOR OPEN, I TOLD LT. FULLER THAT, IF THIS IS ABOUT GOING TO H-UNIT, I'M NOT GOING TO H-UNIT. LT. FULLER SAID THAT HE'LL JUST TALK TO ME IN THE OFFICE. AS SOON AS I STEPPED OUT OF THE HOLDING CELL, HE GRABBED ME BY MY LEFT ARM AND SGT. McGRAW GRAB ME BY THE RIGHT ARM AND THEY STARTED DRAGGING AND PULLING ME TOWARDS THE SALLYPORT. WHEN WE GOT PASS THE SALLYPORT GATE, THEY WERE STILL PUSHING ME TOWARDS THE MAIN DOOR. I TOLD FULLER THAT I'M NOT GOING TO H-UNIT, STOP PUSHING ME. LT. FULLER SAID THAT HE'LL KICK MY ASS IF HE HAS TO TO TAKE ME TO H-UNIT. NOW I HAVE TO DEFEND MY SELF FROM GETTING PUSHED OUT THE MAIN DONNER DOOR. I'M TRYING TO WALK BACKWARDS WHILE THEY WERE PUSHING ME OUT. BECAUSE OF ALL THE COMMOTION, C/O ALLEN HAD TO GRAB MY READING GLASSES OUT OF MY NECK TO GET IT OUT OF THE WAY SO IT WON'T BREAK. NOW LT. FULLER ANNOUNCED THAT I WAS RESISTING AND THAT I AM NOW BEING A THREAT. I TOLD THEM TO GET YOUR HANDS OFF ME, I'M NOT GOING TO H-UNIT. NOW LT. FULLER STARTED SCREAMING THAT I'M AFRAID OF OTHER INMATES IN H-UNIT, THAT I SHOULD NAME MY ENEMIES, THAT I'M THE BIGGEST COWARD HE'S EVER SEEN. ONE C/O PUT ME BACK IN THE HOLDING CELL. WHILE IN THE HOLDING CELL I SAW THE OTHER INMATE WHO REFUSED TO GO TO H-UNIT ON THE 18TH. AND HE WAS CHANGING TO ORANGE UNIFORM BECAUSE HE'S GOING BACK TO NORTH BLOCK. AND ME AND THIS INMATE DID THE EXACT SAME THING, WE REFUSED TO GO TO H-UNIT. SOMEHOW THIS BLACK INMATE WAS NOT HARASSED, THREATENED, PUSHED AROUND, CALLED NAMES, AND THREE DAYS LATER HE'S GOING BACK TO NORTH BLOCK. THIS IS RACIAL DESCRIMINATION. I CAN'T BELEIVE WHAT THEY'RE DOING. FILIPINO INMATES GET A DIFFERENT TREATMENT. NOW THE PAIN ON MY CHEST GOT REALLY BAD AND I COULDN'T BREATH AND I LOST CONYOUSNESS. EVERYTHING TURNED DARK, AND ALL I CAN REMEMBER WAS I CAN HEAR THE ALARM AND I CAN HEAR VOICES SAYING, GET UP! GET UP! AND I FELT SOMETHING HITTING ME HARD ON MY RIBS. WHEN I LOOKED, IT WAS ANOTHER OFFICER HITTING WITH HIS KNEES ON MY RIBS TELLING ME TO GET UP. I TOLD HIM TO GET THE MTA

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| GERARDO PINEDA | X | 9/11/07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| GERARDO PINEDA | X | K-07529 | 9/11/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| M. D. THOMPSON | | 9/11/07 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

**DRAFT**

SAN QUENTIN STATE PRISON

**CORRECTIONAL EMPLOYEE'S WORK SHEET FOR**
# CDC-115 RULES VIOLATION REPORT

| INMATE CDC # K-07529 | NAME OF INMATE PINEDA | | HOUSING | DATE OF CDC-115 |
|---|---|---|---|---|
| ETHNICITY | WORK ASSIGNMENT POSITION # | | RELEASE DATE | CDC-115 LOG # |
| VIOLATION RULE NUMBER AND TITLE 3005A OBSTRUCTION OF A PEACE OFFICER | | | INCIDENT TYPE ADMIN./SERIOUS | CLASSIFICATION DIVISION A-1, A-2, B, C, D, E, F |
| REPORTING EMPLOYEE G. FULLER | POSITION 063 | POST CARSON LT | WATCH | RDO'S | PHONE EXTENSION |
| REVIEWING SUPERVISOR | | | REVIEWING SERGEANT | |

SPECIFIC ACT:  OBSTRUCTION OF A PEACE OFFICER

On Friday, July 20, 2007, at approximately 1130 hours I informed Inmate Pineda, K-07529 that I would be escorting him to H-Unit, a General Population Level II dorm housing unit, from a holding cell in Donner Section. Pineda stated that he could not go to H-Unit because he was afraid of the other inmates in H-Unit. I then told Pineda that he had been released to H-Unit and I was issuing a lawful order for him to accompany me. Pineda again replied he was not going to H-Unit. At that time I opened the door to the holding cell and took hold of the right sleeve of Pineda's jumpsuit. I then issued orders to Pineda to "come on." Pineda walked out of the holding cell and walked under my escort towards the Donner Section door. Approximately 10 feet from the door Pineda abruptly stopped and stated "you'll have to kick my ass to get me through that door." I stopped and issued an order to Pineda to keep moving. Pineda repeated "you'll have to kick my ass to get me through that door." At that time I ordered Sgt. D. McGraw to place Pineda back in handcuffs. I informed Pineda that his actions constituted obstruction of a peace officer and that he would be retained in Ad-Seg based on his claim of local enemies and request for protective custody status in Administrative Segregation.

Pineda's assignment to H-Unit was appropriate and conducted within Department classification guidelines. Pineda's refusal to comply with orders to continue the escort to H-Unit, obstructed my ability to complete a basic Correctional Peace Officer duty. Also, Pineda's statement that I would have to "kick (his) my ass to get him through the (Donner Section) door" presented a direct physical challenge to me and my authority as a peace officer during the escort. A physical challenge of this nature presents a clear avenue to the use of force and in the case of a less experienced or more aggressive staff member could easily have led to violence.

`'State of California

# Memorandum

Date    :    September 13, 2007

To      :    Inmate Pineda, K-07529

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # 07-03385**

**APPEAL ISSUE:** Complaint Against Staff

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on September 11, 2007 by Correctional Lieutenant M. D. Thompson and stated that on July 18, 19, 2007, Lieutenant G. W. Fuller verbally abused you, and on July 20, 2007, utilized excessive force on you  The following witness(es) were questioned: Lieutenant G. W. Fuller, Correctional Sergeant D. McGraw, and Correctional Officer K. Allen. The following information was reviewed as a result of your allegations of staff misconduct: Inmate Appeal Route Slip, Determination of Staff Complaint Form, Staff Complaint Chonological Tracking  Work Sheet, Inmate/Parolee Appeal Form #07-03385, Rights and Responsibility Statement

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted **OR** as an investigation is being conducted by the Office of Internal Affairs **(Insert either appropriate clause, as it applies to the determination of the issue above. Delete the text that does not apply)**. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

Rw Fox                        9/14/07

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾‾‾‾‾
Warden/CDW/HCM (Second Level) AW/Med. Mgr. (First Level)    Date

OCT 1 2 REC'D

DATE : OCT. 1, 2007

TO : APPEALS COORDINATOR

FROM : G. PINEDA, K-07529
2 H 66-L

PLEASE NOTE THAT I WAS IN CARSON SECTION (AD-SEG.) WHEN
I FILED MY 602S. WHEN MY OTHER COMPLAINT AND OUT-GOING
MAIL STARTED DISAPPEARING, I WANTED TO MAKE COPIES OF
EVERYTHING IM FILING. BUT ALL MY REQUEST TO GO TO
THE LAW LIBRARY WAS IGNORED. I WAS NOT GIVEN A CHANCE
TO GO TO THE LAW LIBRARY TO MAKE COPIES. I HAD TO GIVE
IN AND GO TO H-UNIT SO I CAN MAKE COPIES OF MY LEGAL
WORKS AND PURSUE MY COMPLAINTS. I HAVE ALL ORIGINAL
DOCUMENTS AND I DO NOT WISH TO LOOSE THEM. I HAD TO
HANG ON TO THEM FOR FEAR OF LOOSING THEM. I WAS
ALSO LOCKED UP IN AC (ADJUSTMENT CENTER) FOR REFUSING
TO GO TO H UNIT, WHILE OTHER INMATES WHO REFUSED TO GO
TO H-UNIT ARE ALREADY BACK IN NORTH BLOCK.

G. PINEDA, K-07529                    OCT. 1, 2007
2H 66-L

ATTACHED :  HOSPITAL REPORT,
            OTHER DOCUMENTS RELEVANT TO COMPLAINT.

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE PINEDA, K07529                      Date: August 22, 2007
Current Housing: 5C10

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CSQ-2-07-03385

ASSIGNED STAFF REVIEWER: AW 5
APPEAL ISSUE: STAFF COMPLAINTS
DUE DATE: 09/21/2007

Inmate PINEDA, this acts as a notice to you that your appeal has been sent to the above
staff for FIRST level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.


R.Chandler-Dacanay or R. Brau
Appeals Coordinator
San Quentin State Prison

RCVD.
8/23/07

Marin General Hospital
Greenbrae, CA 94904
(415) 925-7000

SERVICE DATE:        07/20/2007

CHIEF COMPLAINT:  Chest pain and syncope.

HISTORY OF PRESENT ILLNESS:  The patient had an altercation with the guards,
which he states involved some pushing and shoving and a lot of emotional name-calling.
With this, he developed chest pain, which he describes as a poking in the middle of his
chest, slightly to the left of his mid sternum.  It did not cause any radiation.  It was worse
when he was very upset.  It lasted for at least ten minutes.  Associated with this, he felt
lightheaded and dizzy.  He rated the chest pain as 6/10.  He felt like air was not entering
his lungs as well.  He states that then he was placed in a holding cell standing up, and
then he found himself on the floor on his knees with his face looking at the floor, yet he
denies any pain on his knees or anywhere on his face or anywhere else, and there was
nobody in there to catch him.  He nevertheless claims that he had a loss of consciousness,
and he states that his chest pain resolved with receiving one sublingual nitroglycerin in
the infirmary after a while.  He also now complains of left hand numbness and left
forearm numbness in a stocking distribution, but no pain or weakness.  He thinks his left
arm was shaking a bit on its own earlier, and also now the right side of his neck is hurting
as well as halfway down his back, and he still feels a little short of breath despite normal
oxygen saturation and a regular respiratory rate.

He states that he has previously been told he had a myocardial infarction.  In 2000, he
was observed by a doctor for three hours and then sent back to his cell.  His presenting
complaint at that time was shortness of breath.  Since that time, he has been told he needs
to take heart medications, which do include atenolol and Lipitor.  He had a treadmill
nuclear stress test 5-6 months ago per his report in a building that is described to be near
a lake and right around here where he could see Marin General Hospital from the
window.  In fact, in our office in 2005 in November, he had a nuclear stress test.  He was
able to walk for 9 1/2 minutes, and the EKG and the nuclear portion was normal.  The
patient states that he has had this same chest pain for about 1-2 times per week since
2000.  One nitroglycerin usually resolves the pain within 30 seconds that of his feeling
the nitroglycerin kicking him.

SOCIAL HISTORY:  He smoked one and a half packs per day for 45 years, ending last
summer when San Quentin stopped allowing smoking.  He has been in prison since 1994.
Prior to 1994, he used to sit around and drink alcohol all day.  He also used IV heroin,
crank, marijuana and acid.  He is divorced.

FAMILY HISTORY:  Positive for diabetes and cardiac arrest and his mother had a
stroke.

| CONSULTATIONS | Patient Name: CDCK07529PINEDA, GERARDO |
|---|---|
|  | MR#: 02-19-36-31 |
| MARGARET L. BAER, MD | Account #: 00905436986 |
|  | D/C: 07/20/2007 |

2D23

Marin General Hospital
Greenbrae, CA 94904
(415) 925-7000

ALLERGIES: No known drug allergies.

MEDICATIONS: Advair 250/50 one puff 2 times a day, atenolol 25 mg p.o. daily, Tylenol with codeine #4 two tablets b.i.d., Lipitor 20 mg p.o. daily, multivitamin one a day and albuterol inhaler 2 puffs four times a day.

Other medical problems include, he states, "the lung disease that at all smokers get" and history of ulcers.

PAST SURGICAL HISTORY: Cervical spine surgery of C4, C5-6 in March of 2007. Preoperatively, he had pain in his cervical spine as well as left arm numbness and pain of the entire left arm more than he has now. He also, in 1974, had removal of 35% of his large intestine because of bleeding that he describes as ulcer bleeding. He had a cyst removal from his head.

PHYSICAL EXAMINATION:
GENERAL: He is in no acute distress despite complaining of pain.
VITAL SIGNS: His blood pressure 130/76, heart rate is 46, respirations are 14, oxygen saturation 98% on 2 liters and 98% on room air. He is 5 foot 8 and weighs 140 pounds.
HEENT: Atraumatic, normocephalic. Mucous membranes moist. No evidence of biting of his tongue. Pupils equal, reactive.
NECK: He complains of tenderness of the right cervical spine.
LUNGS: Clear with good air movement.
CARDIAC: Regular rhythm. No murmurs, rubs, extra sounds.
ABDOMEN: Soft, nontender, no hepatosplenomegaly, bruits or pulsatile masses. He does tense up on examining his abdomen and then complains that it might be tender.
EXTREMITIES: No clubbing, cyanosis or edema. Normal symmetric pedal pulses bilaterally. Normal strength in his left hand despite him complaining, saying that it is subjectively numb.

ELECTROCARDIOGRAM: Normal sinus rhythm and absolutely within normal limits.

LABORATORY DATA: CPK total is 101, MB 0.5. Chem-12 panel is normal with a creatinine of 0.9. Troponin I less than 0.04, myoglobin 25. White count 7, hematocrit 35.8, and platelets 294,000.

IMPRESSION:
1. Chest pain. His chest pain is very atypical for coronary artery disease in that it is pinpoint. In addition, he has a normal EKG, normal cardiac enzymes and a previous normal stress test. I do not think he needs further stress testing based on this particular incident of chest pain.

| CONSULTATIONS | Patient Name: CDCK07529PINEDA, GERARDO |
|---|---|
| MARGARET L. BAER, MD<br>- 2 - | MR#: 02-19-36-31<br>Account #: 00905436986 |

Marin General Hospital
Greenbrae, CA 94904
(415) 925-7000

2. Reported history of syncope. I do not think his history of syncope is reliable, given that he has absolutely no trauma anywhere, even though he supposedly landed in a cell where there was nothing to break his fall.
3. Shortness of breath. He does have probable emphysema, and this may contribute to his shortness of breath, but his oxygen level is good and his lungs are fine.
4. Left arm numbness. Further workup per Dr. Zecherle.
5. Cervical spine pain. Further workup per Dr. Zecherle.

From my point of view, he has no indication for further cardiac testing or treatment at this time. In addition, we may consider switching him from atenolol to a different blood pressure medication, as there is no obvious history of true myocardial infarction and he is rather bradycardic, and in fact may not even need a blood pressure medication at all. Atenolol may be also contributing to his shortness of breath from his lung problems

Pending Electronic Signature by MARGARET L. BAER, MD

D: 07/20/2007 16:47:52
T: 07/20/2007 20:44:01
Job #: 7543375/uf
Cnf #: 295352
cc:    JOHN ZECHERLE MD
       Neumiller Infirmary SAN QUENTIN

| CONSULTATIONS | Patient Name: CDCK07529PINEDA, GERARDO |
| --- | --- |
| MARGARET L. BAER, MD | MR#: 02-19-36-31 |
| - 3 - | Account #: 00905436986 |

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH | CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| PINEDA | K-07529 |

## REASON(S) FOR PLACEMENT (*PART A*)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY

[ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT
On Friday, July 20, 2007, during the course of an escort from Donner Section to H-Unit you stopped just prior to reaching the Donner Section door and stated "you'll have to kick my ass to get me through that door." Your explanation for not wanting to move to H-Unit is that you are "afraid of other inmates" and require protective custody status. When asked to provide specific names of enemies in H-unit you could not since per your own admission no one person poses a threat to your safety. Your obstruction in refusing to move during an escort and your challenge to custody staff that they would have to "kick your ass" to get you through the Donner Section door is a clear case of obstruction. Additionally your statement indicated a veiled threat of battery to custody staff and created a situation where the use of force could have easily occurred. Based on your conduct you are being placed in Administrative Segregation. Your Ad-Seg placement will be reviewed by an Institution Classification Committee where appropriate program and housing needs will be addressed.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED-DATE OF DISCLOSURE: | / / |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 7/20/07 | G. M. Fuller | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 7/20/07 | 1205 | Fulton | | Sergeant |

[X] INMATE REFUSED TO SIGN

| INMATE SIGNATURE | CDC NUMBER |
|---|---|

## ADMINISTRATIVE REVIEW (*PART B*)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)

STAFF ASSISTANT NAME   NA   TITLE

IS THIS INMATE:

| | YES | NO |
|---|---|---|
| LITERATE? | [ ] ✓ | [ ] |
| FLUENT IN ENGLISH? | [ ] YES | [ ] |
| ABLE TO COMPREHEND ISSUES? | [ ] ✓ YES | [ ] |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] ✓ YES | [ ] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | [ ] NO |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

### INVESTIGATIVE EMPLOYEE (IE)

INVESTIGATIVE EMPLOYEE'S NAME   NA   TITLE

| | YES | NO |
|---|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | [ ] |

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

## INMATE WAIVERS

| [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER | [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME | |
|---|---|---|
| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE   12 @ 1550 | DATE   7/23/07 |

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| NA | | N/A | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| NA | | N/A | |

DECISION: [ ] RELEASE TO UNIT/FACILITY _____ [X] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: RET AS pend ICC REVIEW

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| LaRiau G | CAPT (A) | 7/23/07 | 1520 | ICC |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH | CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| PINEDA | K-07529 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY

[ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT

On Friday, July 20, 2007, during the course of an escort from Donner Section to H-Unit you stopped just prior to reaching the Donner Section door and stated "you'll have to kick my ass to get me through that door." Your explanation for not wanting to move to H-Unit is that you are "afraid of other inmates" and require protective custody status. When asked to provide specific names of enemies in H-unit you could not since per your own admission no one person poses a threat to your safety. Your obstruction in refusing to move during an escort and your challenge to custody staff that they would have to "kick my ass" to get you through the Donner Section door is a clear case of obstruction. Additionally your statement indicated a veiled threat of battery to custody staff and created a situation where the use of force could have easily occurred. Based on your conduct you are being placed in Administrative Segregation. Your Ad-Seg placement will be reviewed by an Institution Classification Committee where appropriate program and housing needs will be addressed.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 7/20/07 | G. M. Fuller | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 7/20/07 | 1200 | Fuller | | Sergeant |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE                     CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? NO | [ ] YES  [ ] | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES  [ ] NO |
| FLUENT IN ENGLISH? NO | [ ] YES  [ ] | DECLINED ANY INVESTIGATIVE EMPLOYEE NO | [ ] YES  [ ] |
| ABLE TO COMPREHEND ISSUES? NO | [ ] YES  [ ] | ASU PLACEMENT IS FOR DISCIPLINARY REASONS NO | [ ] YES  [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES  [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED NO | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES  [ ] NO | | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION:  [ ] RELEASE TO UNIT/FACILITY _____  [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

*Cahoda - Lee*

| DISTRIBUTION | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | | CDC NUMBER |
|---|---|---|
| PINEDA | CSP-San Quentin | K-07529 |

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Wednesday, July 18, 2007, you are being placed on Administrative Segregation Status because you are refusing a mandated cell move to H-Unit per CC-I L. Andersen. Based on this information your continued presence in the mainline general population presents a threat to the safety and security of the institution, staff, and other inmates. You will remain in Administrative Segregation pending review by the Institution Classification Committee for your program / housing needs. Subject is/is not a participant in the Mental Health Delivery System. This Ad/Seg placement is ordered by T. A. Frates, Lieutenant.

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 7/18/07 | T. A. Frates | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 7/18/07 | | T. A. Frates | | Lieutenant |

| [✓] INMATE REFUSED/TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)                    ### INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|

### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

- [ ] NOT ASSIGNED                                     [ ] NOT ASSIGNED

### INMATE WAIVERS

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | | CDC NUMBER |
|---|---|---|
| PINEDA | CSP–San Quentin | K-07529 |

## REASON(S) FOR PLACEMENT (PART A)

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☐ ENDANGERS INSTITUTION SECURITY      ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Wednesday, July 18, 2007, you are being placed on Administrative Segregation Status because you are refusing a mandated cell move to H-Unit per CC-I L. Andersen. Based on this information your continued presence in the mainline general population presents a threat to the safety and security of the institution, staff, and other inmates. You will remain in Administrative Segregation pending review by the Institution Classification Committee for your program / housing needs. Subject is/(is not) a participant in the Mental Health Delivery System. This Ad/Seg placement is ordered by T. A. Frates, Lieutenant.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: ___ / ___ / ___

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 7/18/07 | T. A. Frates | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 7/18/07 | | T. A. Frates | | Lieutenant |

☒ INMATE REFUSED TO SIGN   INMATE SIGNATURE _____   CDC NUMBER _____

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| STAFF ASSISTANT NAME  N/A   TITLE | INVESTIGATIVE EMPLOYEE'S NAME  N/A   TITLE |

### IS THIS INMATE:

| | | |
|---|---|---|
| LITERATE? | ☑ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY  ☑ YES ☐ NO |
| FLUENT IN ENGLISH? | ☑ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE  ☑ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☑ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS  ☑ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☑ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED  ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | |

Any "NO" requires SA assignment      ☑ NOT ASSIGNED

☑ NOT ASSIGNED      Any "NO" may require IE assignment

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☑ NO WITNESSES REQUESTED BY INMATE   INMATE SIGNATURE  REFUSED   DATE 7-19-07

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME  NA | TITLE/CDC NUMBER | WITNESS' NAME  N/A | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME  NA | TITLE/CDC NUMBER | WITNESS' NAME  N/A | TITLE/CDC NUMBER |

DECISION: ☑ RELEASE TO UNIT/FACILITY H-UNIT   ☐ RETAIN PENDING ICC REVIEW   ☐ DOUBLE CELL   ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:  RELEASE TO H-UNIT

| ADMINISTRATIVE REVIEWER'S PRINTED NAME  CAHAYLA | TITLE  CAPT (A) | DATE OF REVIEW  7/19/07 | TIME  705 | ADMINISTRATIVE REVIEWER'S SIGNATURE  Cahayla |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

LOG # 07-5-D-07-06

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| K-07529 | PINEDA | | | CSP-S.Q. | | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(a) | OBSTRUCTION OF A P/O | | 07-20-07 | 1130 |

CIRCUMSTANCES

On Friday July 20, 2007, at approximately 1130 hours, I informed Inmate PINEDA K-07529 that I would be escorting him to H-Unit, a General Population Level II dorm housing unit, from a holding cell in Donner Section. PINEDA stated that he could not go to H-Unit because he was afraid of the other inmates in H-Unit. I then told PINEDA that he had been released to H-Unit and I was issuing a lawful order for him to accompany me. PINEDA again replied he was not going to H-Unit. At that time I opened the door to the holding cell and took hold of the right sleeve of PINEDA's jumpsuit. I then issued orders to PINEDA to "come on". PINEDA walked out of the holding cell and walked under my escort towards Donner Section door. Approximately 10 feet from the door PINEDA abruptly stopped and stated "you'll have to kick my ass to get me through that door." I stopped and issued an order to PINEDA to keep moving. PINEDA repeated "you'll have to kick my ass to get me through that door." At that time I ordered Sergeant D. McGraw to place PINEDA back in handcuffs.

CONTINUATION OF CDC-REPORT ON PART C

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ G. Fuller, Correctional Lieutenant | 7/20/07 | Pos. #063 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ D. R. Lee, Correctional Sergeant | 7/21/07 | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | 7/25/07 | ▶ R. W. Fox, Facility Captain Unit V | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | 7-28 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | | | ▶ | | |

HEARING

SEE CDCR 115 PART "C" HEARING CONTINUATION

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| LT. J. ARNOLD | ▶ | 8/3/07 | 1118 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ Pickett, Facility Captain | 8/6/07 | ▶ R. Fox AW.P AW/A | 9/7/07 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 8/10/07 | 0650 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**    Log # 07-5-D-02-06 PAGE___ OF___

| CDC NUMBER K-07529 | INMATE'S NAME PINEDA | LOG NUMBER | INSTITUTION CSP-S.Q. | TODAY'S DATE 07-07-07 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

### CONTINUATION OF CDC-115 REPORT

I informed PINEDA that his actions constituted obstruction of a Peace Officer and that he would be retained in Ad-Seg based on his claim of local enemies and request for protective custody status in Administrative Segregation.   PINEDA's assignment to H-Unit was appropriate and conducted within Department classification guidelines.   PINEDA's refusal to comply with orders to continue the escort to H-Unit, obstructed my ability to complete a basic Correctional Peace Officer duty.   Also, PINEDA's statement that I would have to "kick (his) my ass to get him through the (Donner Section) door" presented a direct physical challenge to me and my authority as a Peace Officer during the escort.   A physical challenge of this nature presents a clear avenue to the use of force and in the case of a less experienced or more aggressive staff member could easily have led to violence.

Inmate PINEDA is aware of this report.

Inmate PINEDA is / is (not) a participant in the Mental Health Delivery System.

| SIGNATURE OF WRITER G. Fuller, Correctional Lieutenant | DATE SIGNED 07-20-07 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 7-28-07 | TIME SIGNED 202 |

CDC 115-C (5/95)                                                                            OSP 99 25082

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                             PAGE __1__ OF __2__

| CDC NUMBER<br>K-07529 | INMATE'S NAME<br>PINEDA | LOG NUMBER<br>07-5-D-07-06 | INSTITUTION<br>CSP-S.Q. | TODAY'S DATE<br>8/3/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: The hearing was convened on 08/03/2007, at approximately 1118 when I introduced myself to PINEDA K07529 as the Hearing Officer for this disciplinary. PINEDA K07529 stated he was in good health with normal vision and hearing. PINEDA K07529 acknowledged that he received a copy of the following document more than 24 hours in advance of the hearing: CDC-115. This report as well as the disciplinary charge of OBSTRUCTION OF A P/O was reviewed with PINEDA K07529 in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: Per CCR-3315(d)(2) a Staff Assistant was not assigned as PINEDA K07529 agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, PINEDA K07529 confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee**: Investigative Employee was assigned. IE was reviewed in hearing. PINEDA K07529 acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, PINEDA K07529 stated that he is satisfied with the completed report.

**MHDS**: Inmate PINEDA K07529 is not a participant in the Departments Mental Health Delivery System.

**Effective Communication**: PINEDA K07529 was able to fully understand the SHO throughout the proceedings. PINEDA K07529 read the Rules Violation Report RVR# 07-5-D-07-06 to the SHO. The inmate did not indicate he had any misunderstandings. PINEDA K07529 stated he understood the proceedings and was prepared to proceed with the hearing.

**Request for Witnesses**: PINEDA K07529 requested Correctional Sergeant McGraw and Correctional Officer K. Allen as a witness to give the following anticipated testimony: Inmate Pineda stated they would say that Lieutenant Fuller was mean to Inmate Pineda, and that he didn't say what is written in the report . Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Request denied as it is my conclusion this anticipated testimony is not relevant to the issues of this hearing.

**Video and photo evidence**: Videotape evidence was not an issue for this hearing.

**Plea**: Not Guilty

**Hearing testimony**: PINEDA K07529 gave the following testimony as his defense: " From July 18 I told UCC I'm not going to H-Unit do to my safety and security (per Inmate Pineda) a 65 year old Filipino who was housed in H-unit was jumped by four younger Filipino's because he refused to join their group and I'm not going to join their group so I'll get jumped too. Send me to another Institution or keep me in the hole. They sent one inmate who refused to go to H-Unit back to North Block send me there. I'm do not qualify to go to H-Unit I don't get out until 2010."

**Finding**: Guilty of the Div. D offense OBSTRUCTION OF A PEACE OFFICER . This offense requires evidence that the defendant took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. As a

| SIGNATURE OF WRITER<br>J. ARNOLD | | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>8/3/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED:<br>8/10/07 | TIME SIGNED:<br>650 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE  2  OF  2

| CDC NUMBER K-07529 | INMATE'S NAME PINEDA | LOG NUMBER 07-5-D-07-06 | INSTITUTION CSP-S.Q. | TODAY'S DATE 8/3/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

matter of institutional policy, this finding is limited to those circumstances where either additional staff intervention is required or this disruption results in a significant delay to the program. This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Lieutenant G. Fuller in the disciplinary report of RVR# 07-5-D-07-06 which states "I informed Inmate PINEDA K07529 that I would be escorting him to H-Unit, a general Population Level II dorm housing unit, from a holding cell in Donner Section. PINEDA stated that he could not go to H-Unit because he was afraid of the other inmates in H-Unit. I then told PINEDA that he had been released to H-Unit and I was issuing a lawful order for him to accompany me. PINEDA again replied he was not going to H-Unit. At that time I open the door to the holding cell and took hold of the right sleeve of PINEDA"s jumpsuit. I then issued orders to PINEDA to "come on". PINEDA walked out of the holding cell and walked under my escort toward Donner Section door. Approximately 10 feet from the door PINEDA abruptly stopped and stated "you'll have to kick my ass to get me through that door." I stopped and issued an order to PINEDA to keep moving. PINEDA repeated "you'll have to kick my ass to get me through that door." At that  time I ordered Sergeant D.McGraw to place PINEDA back in handcuffs."
B.  The testimony of Inmate PINEDA K07529 in RVR# 07-5-D-07-06;" From July 18 I told UCC I'm not going to H-Unit "

**Disposition:** Assessed **90** day credit forfeiture for this Div. D offense.  PINEDA K07529 was informed that his credit restoration period began 07/28/2007 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Appeal rights were explained.  PINEDA K07529 was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** PINEDA K07529 is referred to BPT

| SIGNATURE OF WRITER J. ARNOLD | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 8/3/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 8/10/0 | TIME SIGNED: 650 |

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-07529 | PINEDA | §3005(b) | | CSP-S.Q. | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ► N/A   DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ►   DATE 1/7

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

☐ **I REVOKE** my request for postponement.

INMATE'S SIGNATURE ►   DATE

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE ► | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | | |

☐ ASSIGNED | DATE | NAME OF STAFF

☒ NOT ASSIGNED | REASON DNM C 3315 D(2)

## INVESTIGATIVE EMPLOYEE

☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ► | DATE 7-20-07

☒ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I, Correctional Officer J. Holland, was assigned as Investigative Employee for Inmate PINEDA, CDC #K-07529, regarding a Serious CDC-115, Log #03-07-NB-07-013, which originated on July 18, 2007, for violation of CCR §3005(b), Disobeying A Direct Order. On August 07, 2007, at approximately 0900 hours, I interviewed Inmate PINEDA and explained to him my assignment as his Investigative Employee. I then asked Inmate PINEDA if he had any objections to me being assigned as his Investigative Employee, Inmate Stated: NO. I then informed Subject of his rights to call witnesses and pose questions relevant to his case. I then asked if he had any witnesses and or any questions, Subject stated: YES. Inmate PINEDA then gave the following Name L. Andersen, Correctional Counselor I, to be asked the following questions. I then asked if he wished to make a statement Inmate PINEDA stated: NO, AND NO STATEMENT WAS MADE. -END OF STATEMENT-

**The following two (2) questions were asked to L. Andersen, Correctional Counselor I.**

1) How much time do I have left? You have less than five (5) years with a release date of 2/18/2012.

2) What is the criteria to move to H-Unit? You have to have five (5) years or less.

Additional Witnesses Requested at Hearing: **NO**. Investigative Employee Requested at Hearing: **NO**.
Additional Information in Confidential Report(s): **NO. This concludes my report**

INVESTIGATOR'S SIGNATURE ► J. Holland | DATE 8/7/07

☐ COPY OF CDC 115-A GIVEN INMATE | BY (STAFF'S SIGNATURE) ► | TIME 1200 | DATE 7-20-07

CDC 115-A (7/88)

— If additional space is required use supplemental pages

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| SQSP | N. Block | USE OF FORCE  UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 5-18-07 |

| THIS SECTION FOR INMATE ONLY | NAME LAST Pineda | FIRST G. | CDC NUMBER K-01529 | HOUSING LOC. I.N. 874 | NEW HOUSING LOC. DONNER |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE N.B. | DATE/TIME OF OCCURRENCE N/A | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED 12:3pm | TIME SEEN 12:3pm | ESCORTED BY Ofc Holland | MODE OF ARRIVAL *(circle)*  LITTER  WHEELCHAIR  AMBULATORY  ON SITE | AGE 55 | RACE Filipino | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

Inmate has Buck meds in hand.

BP 134/72 P: 100  No Medical Concerns @ this time.

S. Newton, LVN

Please to H.U. Capt Review  Danay u



| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | | 11 |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | 14 |
| Skin Flap | | 15 |
| Swollen Area | | 16 |
| Other | | 17 |
| | | 18 |
| | | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE    (PRINT AND SIGN) S. NEWTON, LVN  S. Newton, LVN | BADGE # 4339 | RDOs F/S |
|---|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
# SERIOUS RULES VIOLATION REPORT
Log # 07-5-D-07-06

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-07529 | PINEDA | §3005(a) | 07-20-07 | CSP-S.Q. | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☑ NOT ASSIGNED | REASON  DCimi 3315 (D) (2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☑ ASSIGNED | DATE 8-28-07 | NAME OF STAFF  SERRANO  ½ IN. DERO #1 |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☑ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| McGraw   SGT | ☐ | ☐ | | ☐ | ☐ |
| ALLEN, K   C/o | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(SEE ATTACHED PART C I. E. REPORT LOG (#07-5-D-7-06)

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶  C. McGraw R | TIME 0930 | DATE 8-1-07 |
|---|---|---|---|

CDC 115-A (7/88)                 — If additional space is required use supplemental pages —                OSP 98 8819

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 2

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-07529 | PINEDA | 03-07-NB-07-013 | CSP-SQ | 08/11/07 |

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☑ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

On Saturday, August 11, 2007, inmate Pineda, K-07529, appeared before Senior Hearing Officer, C.P. Young, Correctional Lieutenant for adjudication of a Division "F" rule violation report. Inmate Pineda stated that he was in good health, and acknowledged receipt of all reports to be used as evidence, and that he was ready to proceed with the hearing.

The purpose of the hearing was explained to Inmate Pineda and he stated that he understood. Inmate Pineda stated that he received a copy of all reports to be used in evidence more than 24 hours prior to the hearing. The following documentation was reviewed by the SHO: CDC-115 Log #03-07-NB-07-013.

This Rules Violation Report was served to the inmate within 15 days of discovery and the hearing was held within 30 days of service. All time constraints have been met.

Inmate Pineda not is a participant in the Mental Health Delivery System.

A Staff Assistant was not assigned to the hearing per CCR Title 15, §3315(d)(2).

An Investigative Employee was deemed to be necessary per CCR Title 15, §3315(d)(1). Correctional Officer J. Holland was assigned as the I.E., and this SHO reviewed the submitted report by Officer Holland.

Inmate Pineda did not request any witnesses to be present at the hearing.

**PLEA:** The charges were read aloud to Inmate Pineda. He acknowledge that he understood the charges, and pleaded "GUILTY" and made the following statement:

   I refused to move, but Ihope they give me some consideration based upon a previous indicent that occured with an elderly Filipino who was jumped by four others in H-Unit for not cooperating with these individuals.

                    SEE CONTINUATION HEARING PART "C"

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| C.P. Young, Correctional Lieutenant) | 6/11/07 |

| | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☑ _____COPY OF CDC 115-C GIVEN TO INMATE | | 6/22/67 | 12 00 |

CDC 115-C (5/95)

OSP 98 25082

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                               PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|--------------|------------|-------------|--------------|
| K-07529 | PINEDA | 03-07-NB-07-013 | CSP-SQ | 08/11/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**FINDINGS:** Inmate Pineda has been found **"GUILTY"** of the Division **"F"** offense, and for the specific act of "DISOBEYING A DIRECT ORDER." The preponderance of the evidence relied upon to render a finding of **"GUILTY"** included:

1. The information contained in the CDCR Rules Violation Report authored by Correctional Sergeant K. Dennis, dated 07/18/07, documents the following:

   On Wednesday, July 18, at approximately 1130 hours, you Inmate Pineda, K-07529, 1-N-87, were told by Custody Staff that you had a mandatory bed move to H-Unit that was ordered by Correctional Counselor, (CC-I) L. Andersen to facilitate intake adjustments in North Block. However, you told Correctional Sergeant K. R. Dennis that you were not going to move to H-Unit. Sergeant K. Dennis, then gave you a direct order to pack your property and move to H-Unit, again inmate Pineda stated he was not going to move to H-Unit. Therefore, Pineda was placed in Ad/Seg for refusing a Mandated Bed Move to H-Unit.

2. Inmate Pineda's admission of guilt where he stated: "I refused to move, but I hope they give me some consideration based upon a previous indicent that occured with an elderly Filipino who was jumped by four others in H-Unit for not cooperating with these individuals."

**DISPOSITION: GUILTY.**

**ASSESSED:**    Inmate Pineda is assessed 15 Days loss of Behavior Credit for a Division "F" Offense.

Inmate Pineda was advised that the disposition of the Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC-115.

Inmate Pineda was also advised of his right to appeal the findings of this hearing, and the methods of appealing, and credit restoration procedures in accordance with CCR 3327 and 3328, governing restoration of forfeited credits.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | C.P. Young, Correctional Lieutenant | 8/11/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED  8/22/07 | TIME SIGNED  1200 |

CDC 115-C (5/95)                                                                    OSP 99 25082

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                    PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-07529 | PINEDA | 07-5-D-07-06 XX | CSP-S.Q. | 08-01-07 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

### (CONTINUATION OF CDC-115 I. E. REPORT)

On Wednesday, August 01, 2007, at approximately 0930 hours, I contacted and interviewed Inmate PINEDA K-07529. I informed the subject, "I HAVE BEEN ASSIGNED AS YOUR INVESTIGATIVE EMPLOYEE, DO YOU HAVE ANY OBJECTIONS TO MY ASSIGNMENT?"

Subject stated, "No."

Inmate PINEDA already received a copy of the Disciplinary Report (CDC-115).

I asked Inmate PINEDA, "DO YOU UNDERSTAND THE CHARGE(S) AGAINST YOU?"

Inmate PINEDA stated, "Yes."

I asked Inmate PINEDA, "WOULD YOU LIKE TO MAKE A STATEMENT IN REGARDS TO THE CHARGE(S)?"

Inmate PINEDA stated, "Yes, I did not say the things that are written in the RVR. Lieutenant Fuller is just lying. What I said was that I was not going to H-Unit go ahead and write me up or transfer me. Lieutenant Fuller said to me that I was going to H-Unit even if he had to kick my ass to get me there, He even had me taken into his office were he called me a coward and rapist, He also said that I must have enemy in H-Unit that's why I did not want to go there. On one occasion while I was still in handcuffs Lieutenant Fuller grabbed me by my left arm and Sergeant McGraw had my right arm and they were trying to force escort me to H-Unit. Lieutenant Fuller constant harassment cause me to have a heart attack."

I advised Inmate PINEDA, that "YOU HAVE THE RIGHT TO HAVE WITNESSES INTERVIEWED."

I asked Inmate PINEDA "DO YOU HAVE ANY WITNESSES TO BE INTERVIEWED?"

Inmate PINEDA stated, "No, but I would like Sergeant McGraw and C/O Allen at my RVR hearing."


**STATEMENT OF CORRECTIONAL OFFICER W. DEED III, (INVESTIGATIVE EMPLOYEE):** All apropriate staff, and inmates were contacted regarding this matter. All available information has been obtained, and incorporated in this report. **END OF STATEMENT**

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | W. Deed III, Correctional Officer | 8-2-07 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 8-2-07 | 1100 |

CDC 115-C (5/95)                                                      OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-07529 | PINEDA | §3005(b) | | CSP-S.Q. | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC 3315 D(2) | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | X 7-20-07 |

| ☒ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE AND CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I, Correctional Officer J. Holland, was assigned as Investigative Employee for Inmate PINEDA, CDC #K-07529, regarding a Serious CDC-115, Log #03-07-HB-07-013, which originated on July 18, 2007, for violation of CCR §3005(c), Disobeying A Direct Order. On August 07, 2007, at approximately 0900 hours, I interviewed Inmate PINEDA and explained to him my assignment as his Investigative Employee. I then asked Inmate PINEDA if he had any objections to me being assigned as his Investigative Employee, Inmate Stated: NO. I then informed Subject of his rights to call witnesses and pose questions relevant to his case. I then asked if he had any witnesses and or any questions, Subject stated: YES. Inmate PINEDA then gave the following Name L. Andersen, Correctional Counselor I, to be asked the following questions. I then asked if he wished to make a statement Inmate PINEDA stated: NO, AND NO STATEMENT WAS MADE. —END OF STATEMENT—

The following two (2) questions were asked to L. Andersen, Correctional Counselor I.

1) How much time do I have left? You have less than five (5) years with a release date of 2/18/2012.

2) What is the criteria to move to I-Unit? You have to have five (5) years or less.

Additional Witnesses Requested at Hearing: NO. Investigative Employees Requested at Hearing: NO. Additional Information in Confidential Report(s): NO. This concludes my report

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ J. Holland | 8/7/07 |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1200 | DATE 7-20-07 |

DATE: JULY 3, 2008

TO: CLERK OF COURT

FR: GERARDO PINEDA, K-07529

E-filing

SIR,

    THE "CERTIFICATE OF FUNDS IN PRISONER'S ACCOUNT" IS BEING PROCESSED AT THE SAN QUENTIN TRUST OFFICE, AND WILL FOLLOW AS SOON AS AVAILABLE.

    PLEASE MAIL ME COPY OF COMPLAINT WITH CASE #,

    THANK YOU

GERARDO PINEDA, K-07529

RARDO PINEDA, K-07529
SAN QUENTIN, 3H-33-L
QUENTIN, CA-94974

OFFICE OF THE CLERK "
US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA-94102

LEGAL MAIL

LEGAL MAIL

07-06-08