*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERARDO V. PINEDA, | ) | No. C 08-3326 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| G.W. FULLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff, an inmate at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. In the complaint, plaintiff indicates that he has not exhausted his administrative remedies. The court dismisses this action without prejudice for failure to exhaust his administrative remedies.

**DISCUSSION**

    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

Order of Dismissal
P:\pro-se\sj.rmw\cr.08\Pineda326dis-exh      1

1  Furthermore, the PLRA exhaustion requirement requires "proper exhaustion" of available
2  administrative remedies. Id. at 2387. The plain language of the PLRA requires that *prior to*
3  *filing suit*, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a);
4  see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("The bottom line is that a
5  prisoner must pursue the prison administrative process as the first and primary forum for redress
6  of grievances. He may initiate litigation in federal court only after the administrative process
7  ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the
8  statute to let him submit his complaint any earlier than that."). The Ninth Circuit has interpreted
9  1997e(a) to mean that an action must be dismissed unless the prisoner exhausted his available
10 administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the
11 suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).
12  Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be
13 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the
14 complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.
15 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des]
16 to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.
17  Here, plaintiff indicates in his complaint that he has been pursuing his administrative
18 remedies, starting at the informal appeal level. According to attachments to plaintiff's
19 complaint, it appears that plaintiff received a partial grant from the first level of appeal on
20 September 14, 2007, and another partial grant from the second level of appeal on February 27,
21 2008. It further appears that plaintiff submitted his Director's level appeal on March 14, 2008,
22 and he concedes that he has not yet received a response. Accordingly, he has not exhausted his
23 administrative remedies, and no exception to exhaustion is alleged or apparent in the complaint.
24 Section 1997e(a) requires that plaintiff must exhaust all administrative remedies before raising
25 the claim in a § 1983 complaint in federal court. See McKinney, 31 F.3d at 1199. As it is clear
26 from the complaint that plaintiff has not completed all levels of administrative review available
27 to him, and there is no applicable exception to the exhaustion requirement, dismissal without
28 prejudice is appropriate.

1    Accordingly, the above-titled action is hereby DISMISSED without prejudice to
2 plaintiff's refiling his claim after all available administrative remedies have been exhausted.
3    The Clerk shall close the file.
4    IT IS SO ORDERED.
5 DATED:  8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge